IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELDON GANNAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-3365-CV-S-FJG |
| | ) | |
| DEBORAH BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Remand (Doc.# 5).

### I. BACKGROUND

The present suit was removed to this Court from the Circuit Court of Polk County, Missouri, on September 11, 2007. Defendant removed the case on the basis of 28 U.S.C. § 1332 and § 1441, as it alleged the dispute is between citizens of different states and involves an amount in controversy in excess of $75,000. Plaintiff argues that the case should be remanded because defendant has not met its burden to show that the amount in controversy has been met. In the petition plaintiff asserts a claim for negligence resulting from a car accident.

### II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives,

Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of
Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

### III. DISCUSSION

The instant case was removed by defendants pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiff asserts that defendant has not demonstrated the requisite amount in controversy. Plaintiff argues that defendant relies on a demand letter which was sent to defendant to support the amount in controversy with regard to Eldon Gannaway's claim. In support of this argument, plaintiff cites to Corlew v. Denny's Restaurant, 983 F. Supp. 878 (E.D. Mo. 1997).

In opposition defendant argues that removal jurisdiction is proper. With regard to Eldon Gannaway, defendant states that Mr. Gannaway is alleging permanent injuries including painful, permanent and progressive injury to his neck, back and sequella, along with severe and violent injury to his ligaments, nerves, bones and body tissues. Additionally, in his petition, Mr. Gannaway also alleged that he incurred "significant medical bills and expenses, healthcare expenses, and prescriptive expenses" (Petition, ¶ 9). Defendant states that plaintiff's prior counsel corresponded with defendant and

2

included medical billing records totaling $177,980.61. (Doc. # 10-2, Exhibit A). Defendant states that a settlement offer of $74,000 was made to plaintiff before litigation, but was never accepted. Additionally, defendant states that an offer was later made by defendant's insurer for $6,5000. Defendant states that plaintiff made a counter-offer of $250,000 in a demand letter. Defendant notes that the case which plaintiffs cited to, Corlew v. Denny's Restaurant, 983 F. Supp. 878 (E.D. Mo. 1997), is distinguishable from the case at hand. In that case the plaintiff's settlement counter-offer was $75,000, so it did not meet the jurisdictional requirement. Id. at 879.

To meet its burden of proof to establish that removal is proper, defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). The evidence may include plaintiff's representations, "including settlement offers by plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." See Neighbors v. Muha, No. 05-472-CV-W-GAF, 2005 WL 2346968, *2 (W.D.Mo. Sept. 26, 2005) (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)). In the instant case, defendant attached to its Suggestions in Opposition to Plaintiff's Motion to Remand a copy of plaintiff's correspondence including a list of medical expenses totaling $177,980.61. (Doc. # 10-2, Exhibit A). Additionally, plaintiff attached to his Motion to Remand the $250,000 demand letter. Therefore, the Court finds that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

3

## IV. CONCLUSION

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand is hereby **DENIED** (Doc. # 5).


Date:  2/4/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

4